## In re BACHE et al.

### (Circuit Court, S. D. New York. February 10, 1893.)

1. CUSTOMS DUTIES—WINDOW GLASS—BREAKAGE ON THE VOYAGE.

   Window glass, which was in a sound condition when it was shipped, but has been broken on the voyage, so as to be useless except for remanufacture, is entitled to free entry, under paragraph 590 of the tariff act of October 1, 1890, for it is, for tariff purposes, different merchandise from that which was shipped, and not merely damaged merchandise of the same kind. Marriott v. Brune, 9 How. 619, followed.

2. SAME—BOARD OF APPRAISERS' DECISION—APPEAL—JURISDICTION.

   The collector classified certain window and other glass under Schedule B, (paragraph 112 of the act of October 1, 1890,) and the importer protested, claiming that on the voyage part of the glass was broken into pieces which could not be used without remanufacture, and was therefore exempt from duty, under paragraph 590 of the free list. Before the board of general appraisers the importer offered to prove the number of pounds of glass thus broken, but the board refused the offer, deciding that the claim was in legal effect one for reduction of duties on account of damages to part of the goods, and that such a claim was inadmissible, under the act of June 10, 1890, § 23. The facts were undisputed, and the board found as a fact that part of the glass was broken on the voyage. *Held*, that the proceeding before the board was in the nature of a demurrer by the collector to the protest; that the board had authority to determine the question of law thus presented without admitting the evidence; and that, on an appeal from its decision, the circuit court had authority to review and reverse the same, notwithstanding the absence of evidence in the record to support the finding as to the broken glass.

Appeal by the Importers from a Decision of the Board of General Appraisers affirming a decision of the collector of the port of New York. Reversed.

W. Wickham Smith, for importers.
James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge. The appellants are dealers in glass. They have, at various times, imported into this country window glass which was in a sound condition when purchased abroad, but which, to a considerable extent, was broken on the voyage; the broken portions when brought to this country being fit only to be remanufactured. The collector assessed the entire merchandise, the broken as well as the unbroken portions, under paragraph 112 of the new tariff act. The importers insist that the broken portions are entitled to free entry under paragraph 590 of the free list, which is as follows: "Glass, broken, and old glass, which cannot be cut for use, and fit only to be remanufactured." The board sustained the collector and the importers appeal to this court.

The question is one of law. Appellants have imported into this

country glass which, concededly, is within the provisions of the free list. Had it started from Europe in the condition it was in when it reached New York 'there can be no doubt that it should enter free. The question is: Does the fact that it was broken while in an Antwerp ship, instead of in an Antwerp factory, change its nondutiable character? The law concerns itself only with merchandise which is imported; that is, brought into this country. It is of very little moment what is the character of the merchandise which leaves the foreign market. What is its character when it reaches our market? This is the all-important question. If a ship were to leave a foreign port having on board a consignment of some material entitled to free entry here, and during the voyage it should be manufactured into dutiable articles, no one would seriously contend that they could escape duty. The converse of this proposition should also be true. If merchandise is duty free when it reaches New York no duty should be charged. Of what moment is it where or when it became nondutiable, so long as it is nondutiable when it enters our ports and becomes subject to our laws? A happy illustration was presented at the argument. A cattle dealer buys a cow in England intending to bring her to this country and pay the duty of ten dollars on arrival at New York. On the voyage the cow dies, and he brings nothing but her hide to New York. Hides are free. Why should not this hide be free? Why should its owner pay duty on a cow because the ship left England with a cow? So in the case at bar, the Westernland left Antwerp with dutiable merchandise. When she reached New York this merchandise was free. What right, then, had the collector to levy a duty on goods which congress has declared shall enter free? To adopt the language of the court in Marriott v. Brune, 9 How. 619:

"To add to such unfortunate losses, the burden of a duty on them, imposed afterwards, would be an uncalled-for aggravation, would be adding cruelty to misfortune, and would not be justified by any sound reason or any express provision of law."

This is not a case of damaged goods at all. The value of the goods was not diminished. The goods ceased to exist. There was no longer window glass 16 by 24 inches square. In its place was a quantity of broken glass. The character of the merchandise was entirely changed during the voyage. For tariff purposes it was different merchandise. The glass schedule no longer described it. The language of the free list covered it with perfect accuracy. If the appellants' cases had contained broken glass and nothing else it will hardly be argued that it should be charged with duty, but, on principle, there can be no distinction. It can make no difference that dutiable and nondutiable goods happen to come to this country in the same box. It is the character of the merchandise and not the case in which it is packed that determines its tariff classification. These views are, it is thought, sustained by the following authorities: Marriott v. Brune, 9 How. 619; Lawrence v. Caswell, 13 How. 488; U. S. v. Nash, 4 Cliff. 107; Weaver v. Saltonstall, 38 Fed. Rep. 493; Reiss v. Magone, 39 Fed. Rep. 105; Lead Co. v. Seeberger, 44 Fed. Rep. 258.

The principal objections to the contention of the importers relate to matters of detail in administration based upon alleged difficulties in administering the law as interpreted by the importers. I do not think such difficulties exist, but if they do it is entirely clear that matters of convenience must yield to matters of right. No impediment has been suggested which cannot be readily removed by the officers of the customs. If the interpretation now placed upon the law is correct it may require greater care and diligence upon the part of these officers, but nothing more. No fault is found with the protest either as to form or time of service, and the importers have complied with every provision of the law necessary to enable them to obtain relief. The case in this regard is a simple one. The collector has levied a duty upon goods which were entitled to enter duty free. The importers duly protested, pointing out the precise injury complained of. This is all the law required them to do to protect their rights. They have rights and they should be protected.

This cause has been treated thus far, as it was treated upon the argument, as if the fact found by the board, that the glass was broken in transitu, was fully established by the proof. At the close of the argument the point was taken that the decision of the board must be affirmed for the reason that there was no evidence to support this finding, and, therefore, that this court must disregard it. The facts bearing upon this proposition are as follows: The importers in the protest allege that on the voyage considerable quantities of the glass became broken into pieces which were fit only for remanufacture and they say:

"We are prepared to prove the number of pounds of the glass covered by this entry that have been broken so as to be unfit for use, and we claim it is your duty to ascertain and determine such number of pounds and reliquidate the entry accordingly."

The return also contains the following entry:

"Schedule of protests to accompany letter of Sept. 22d, '91. Window glass and pieces. Semon Bache & Co."

The decision of the board states:

"The importers in each case appeared before the board of general appraisers and offered to produce evidence showing the amount of damage done to each package or case, and this evidence was held by the board to be irrelevant, and was excluded on the ground that allowances for damage of the kind under consideration were abolished by section 23 of said act of June 10, 1890. * * * The case is one which would fall directly within the terms of section 2927 of the Revised Statutes, but for the repealing effect of section 23 of the act of June 10, 1890, which latter statute, in our judgment, prohibits us from entertaining such a claim in any form whatever. Holding as we do that the claim is one, in legal effect, which seeks a reduction of duties on account of damage to a portion of the merchandise, we decide that it is not well taken. The protests are accordingly overruled on this ground, and the collector's decision is affirmed in each case."

The proceeding before the board was in the nature of a demurrer by the collector to the protest of the importers. In legal contemplation the collector's position was this:

"I concede all you say in your protest, but it is bad in law. I object to your taking up my time and that of the board by the production of irrelevant

and immaterial testimony, for when it is all in, when you have proved all that you allege in your protest it will avail you nothing, for the reason that your claim is one for a reduction of duties on account of damage and such allowances have been abolished by law. Your broken glass is not entitled to free entry and the board cannot entertain your claim in any form whatever. There is no law for it."

The board took this view, and, entertaining the opinion of the law they did, their action was perfectly natural and proper. Should the collector now be permitted to take advantage of the absence of proof which, in effect, was rejected on his motion, in order that the point of law which lies at the threshold of a recovery might be determined? It is thought not. If the point had been made before the board they would undoubtedly have required an admission from the collector or in some other way would have obviated the difficulty. But it is perfectly evident that all parties regarded the point as sufficiently presented, and nothing to the contrary appeared until the cause had been argued on the merits and was about to be decided in the circuit court. Indeed, it would seem doubtful whether under the provisions of section 15 of the act of June 10, 1890, such a point can be raised at all by a respondent. This action provides in substance that any person, whether importer or collector, who is dissatisfied with a decision of the board may apply "for a review of the questions of law and fact involved." He must, moreover, file "a concise statement of the errors of law and fact complained of."

In this case the board finds as matter of fact that "a considerable quantity of said glass was damaged by being broken during the voyage and before arrival at the port of New York in such manner as to be unfit for any other use than to be remanufactured." No error was pointed out by the collector in this finding. Indeed, no error of fact was assigned by either party. As the facts were wholly undisputed it may well have been that the board thought it unnecessary to attach the testimony. If the collector had raised the point in the manner required by the statute it may be that the board would have returned either testimony or proof of an admission that would obviate the present difficulty. It would certainly be a most novel proceeding if a respondent can succeed in having a judgment in his favor affirmed because of an error committed by the court below. The anomalous aspect of the proceeding would not be diminished should it appear further that the error was one which the trial court made upon the motion of the respondent and against the strenuous objection of the appellant. So far as the question affects the case at bar I can see no reason in favor of sustaining the objection and many reasons why it should not be sustained. It is for the interest of all, importers and collectors alike, that this question should be decided speedily. Why should the board of appraisers be burdened with the preparation of another cause with its consequent labor and delay? If it is held that the evidence is necessary, weeks may be required to produce it, for the proceeding would be in the nature of an accounting, and should the court ultimately sustain the board, the testimony will be wholly unavailing. On the other hand no injury can happen to the govern-

ment, for no money can be refunded except upon proof of the facts stated in the protest. So far as the question affects the practice in such cases generally it is manifestly for the interest of all that such questions should be determined with as little annoyance, expense and delay as possible. It was partly to produce this result that the board was established. If the practice before the board is to be more cumbersome and involved than under the old system the public will reap little advantage by the change. Where the board is of the opinion that the protest is frivolous on its face or that it has absolutely no law to sustain it I can see no reason why they should not say so and have the question of law thus raised disposed of in limine without incumbering the record with a mass of testimony which may in the end turn out to be mere worthless rubbish.

The decision of the board should be reversed.